[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
CT Page 8053
This is an action brought by the plaintiff Marsha J. Wordell, a Connecticut resident, against the defendants Fairfield Transportation Group, Inc. (Fairfield) and Harold Frank (Frank), a Connecticut resident, seeking damages for personal injuries as a result of the alleged negligent and reckless conduct of Frank, which occurred while he was employed by Fairfield as a bus driver.
In her complaint, the plaintiff alleges that she was severely injured when she was a passenger on a bus owned by Fairfield, a Connecticut corporation, and operated by Frank, when Frank suddenly slammed on the brakes of the bus which was traveling on Route 90 near Schenectady, New York.
The defendants have moved to strike count one of the complaint in its entirety on the ground that it fails to state a cause of action for which relief can be granted. Count one sounds in negligence and the defendants assert that the plaintiff has failed to allege that the defendants owed a duty to the plaintiff and that such duty was breached. The defendants additionally move to strike subparagraphs a, b and c of paragraph 5 of count one and count two and paragraph 5 of count two on the ground that they are insufficient as a matter of law because they allege violations of various Connecticut highway statutes and all of the events and the plaintiff's injuries occurred in the State of New York.
The defendants have moved to strike count two of the complaint on the ground that it fails to make out a claim for reckless conduct and merely realleges the acts of negligence set forth in count one. The defendants also seek to strike the plaintiff's prayer for relief for double and treble damages pursuant to General Statutes § 14-295 on the basis that there can, be no finding that the defendants violated Connecticut law in the State of New York. For the same reason, the defendants seek to strike the plaintiff's claim for punitive and exemplary damages.
The plaintiff opposes the defendants' motion and asserts that count one properly states a cause of action in negligence and that count two properly states a cause of action in recklessness. The plaintiff additionally asserts that Connecticut law should apply in this case, including its CT Page 8054 highway statutes, because all of the parties are from Connecticut and have significant contacts with Connecticut, thus making it the jurisdiction with the most significant interest in this litigation.
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint. . ." "It is incumbent on a plaintiff to allege some recognizable cause of action in his complaint." Stavnezer v.Sage-Allen, 146 Conn. 460, 461 (1959). "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Mora v. Aetna LifeCasualty Ins. Co., 13 Conn. App. 208, 211 (1988).
When ruling on a motion to strike, a trial court must take the facts to be those alleged in the complaint.Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must construe the facts in the complaint most favorably to the pleader. Novametrix Medical Systems, Inc.,v. BOC Group, Inc. 224 Conn. 210, 215 (1992). This includes the facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 49 (1992).
A motion to strike that is directed at a single paragraph of a complaint is technically improper if the paragraph does not purport to state a cause of action. See Fromkin v. Brown,9 CSCR 329 (March 3, 1994, Hartmere J.); Moscariello v. Savo,
Superior Court, judicial district of Waterbury, Docket No. 111735 (January 11, 1994, Sylvester, J.).
Because the defendants seek to strike certain subparagraphs of paragraph 5 in counts one and two and paragraph 5 in count two of plaintiff's complaint that in themselves do not state a cause of action, defendant's motion to strike must be denied as to those subparagraphs and paragraph.
The defendants seek to strike count one in its entirety on the ground that the plaintiff has failed to allege that the defendants owed a duty of care to the plaintiff. "The CT Page 8055 essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384 (1994).
Paragraph one of the plaintiff's complaint alleges that the plaintiff was a passenger on a bus owned by Fairfield and driven by Frank. Paragraph three asserts that Frank was the agent, servant or employee of Fairfield and was operating pursuant to his general authority to operate. Paragraphs four and five allege that Frank operated the bus in a negligent manner in violation of various Connecticut statutes and common law duties. Finally, paragraphs six, seven and eight allege the nature and extent of plaintiff's injuries and/or damages
Viewing the complaint in a light most favorable to the pleader and drawing proper inferences therefrom, the court finds that the complaint properly pleads all the necessary elements of negligence and the defendants' motion to strike count one on such grounds should be denied.
Count two of the complaint attempts to state a cause of action for recklessness against the defendants by re-alleging the facts as stated in paragraphs one through four of count one and by alleging in paragraph five of count two that the "injuries and damages to the plaintiff were due to the deliberate and/or reckless disregard of the defendant Harold Frank in operating said bus" in violation of Section 14-218(a) (unreasonably fast driving), Section 14-219 (speeding) and Section 14-222 (reckless driving) of the Connecticut General Statutes.
The defendants move to strike count two on the ground that it fails to allege additional facts necessary to make out a cause of action in recklessness and merely restates the underlying facts of negligence in count one. The defendants also move to strike the plaintiff's prayer for relief seeking double and treble damages pursuant to General Statutes §14-295, which states:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has CT Page 8056 deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239
or 14-240a, and that such violation was a substantial factor in causing such injury, death, or damage to property.
In Dumond v. Denehy, 145 Conn. 88, 91 (1958), the Supreme Court stated:
 There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. The complaint in the instant case, fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
In count two of the complaint, the plaintiff does not allege specific facts or conduct which would give rise to a level of recklessness. The plaintiff simply makes a legal conclusion that the defendants' conduct was reckless without pleading facts sufficient to support her claim for double or treble damages under General Statutes § 14-295. Count two and the plaintiff's claim for double and treble damages should, accordingly, be stricken.
The defendants also assert that count two should be stricken because it is premised on a reckless violation of Connecticut's highway statutes. The defendants assert that New York's highway statutes should apply inasmuch as the accident occurred in New York. In opposition, the plaintiff claims that Connecticut's highway laws should govern because all of the parties are Connecticut residents.
The plaintiff relies on the case of O'Connor v. O'Connor,201 Conn. 632 (1986), in which the Supreme Count abandoned the "place of the wrong" choice of law rule and opted for the "most significant relationship test" as set forth in the Restatement Second of Conflict of Laws §§ 6 and 145. CT Page 8057
The plaintiff's assertions are without merit. Even though all the parties are from Connecticut, the determination of the defendants' negligence or lack thereof must be made by the application of New York law. Connecticut has no legitimate interest in applying its highway rules and regulations to an accident which occurred in a neighboring state. New York, however, has a real and legitimate interest in seeing that everyone on its roads obeys its laws to ensure the safety of intra and interstate travelers. Applying Connecticut's highway laws in any state where an accident occurred involving Connecticut residents would be completely unworkable. A driver or an injured passenger can not simply impose his or her state's speed limit or related highway statute when he or she travels in another state.
The law which determines the defendants' negligence must be New York's relevant highway laws. The Supreme Court inO'Connor alluded to this point when it stated that:
 Our conclusion that we should look to the law of Connecticut rather than to the law of Quebec in this case should not be construed as a blanket endorsement of reliance on Connecticut law in all circumstances. . . . We can readily conceive of circumstances . . . in which the choice between relevant jurisdictions would be much more problematic. For example, . . . if the defendant's negligent conduct, rather than the plaintiff's right to sue, had been at issue. The guiding principles of the Restatement command respect precisely because they encourage a searching case-by-case contextual inquiry into the significance of the interests that the law of competing jurisdictions may assert in particular controversies.
(Emphasis added.) Id. 657-58.
Since count two relies on reckless violations of certain enumerated sections of Connecticut's highway statutes, the plaintiff can not properly plead a cause of action for which relief can be granted.
Count two should be stricken because the plaintiff fails CT Page 8058 to allege additional facts needed to support her claim of recklessness and because it alleges violation of Connecticut highway statutes. In addition, plaintiff's prayer for double/treble, punitive and exemplary damages under § 14-295
should also be stricken because it is improperly premised on the application of Connecticut's highway statutes.
For the above stated reasons, the defendants' motion to strike count one of the complaint in its entirety, subparagraphs a, b and c of paragraph 5 of count one and count two and paragraph 5 of count two is denied and the defendants' motion to strike count two and the plaintiff's prayer for relief numbered two (2) and three (3) is granted.
Hendel, J.