SOPHIE STAVNEZER ET AL. *v.* SAGE-ALLEN AND
COMPANY, INC., ET AL.

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 10—decided May 8, 1959

*William P. Aspell,* with whom was *James T. Healey,* for the appellant (defendant Fink).

*Morton W. Appleton,* with whom was *Kenneth S. Halpern,* for the appellee (named plaintiff).

KING, J. The complaint alleged that the plaintiff Sophie Stavnezer, while a patron in a restaurant owned by the named defendant and managed by the defendant Hyman Fink, "was approached by . . . Fink, . . . who, in front of the many people then present, falsely accused said plaintiff in a loud belligerent and discourteous manner that she did not pay for . . . [the] food [which she was eating], and he degraded, humiliated and disgraced her in the presence of the divers people then present." Mrs. Stavnezer, hereinafter called the plaintiff, sought damages for an emotional upset and resulting physical injury claimed to have been caused by this conduct.

Throughout the trial, the court and the defendants were beset with difficulties in attempting to determine what, if any, cause of action was alleged in the complaint. The plaintiff made no effort to clarify the language of the complaint. In this court, she seems to claim that if any clarification of the complaint was necessary in order to determine her claimed ground of recovery, it was the burden of the defendants, by appropriate motions addressed to the complaint or by other procedure, to compel her to clarify it. This is not the law. It is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, demurrer or otherwise. *Smith* v. *Housing Authority,* 144 Conn. 13, 16, 127 A.2d 45. In this day of crowded dockets, a complaint must inform the court and the defendant, with reasonable clarity, of the cause of action to be tried. See *Antonofsky* v. *Goldberg,* 144 Conn. 594, 598, 136 A.2d 338.

It is the claim of the plaintiff in this court that the

word "falsely," as used in the quoted language in the complaint, may embrace either an intentionally untrue statement or a negligently untrue statement and that she is entitled to claim both meanings simultaneously. From this premise, she argues that the complaint alleged two causes of action under her construction of the rule of *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 93 A.2d 292: (1) an intentional subjection of the plaintiff to emotional distress and (2) a negligent subjection of the plaintiff to emotional distress. The complaint does not allege either cause of action. See 2 Harper & James, Torts, § 18.4; note, 64 A.L.R.2d 100, 149. Its allegations more nearly approach a statement of a cause of action in slander than anything else, although for that purpose they are inadequate and the court properly took that cause of action from the jury. *Urban* v. *Hartford Gas Co.,* supra, 308. The plaintiff succeeded in inducing the court to submit the case to the jury on the issues of negligent misconduct and intentional misconduct, and the jury returned a verdict in favor of the plaintiff against the defendant Fink only. At the close of the evidence, the defendants moved for a directed verdict on the ground, inter alia, that the only cause of action set forth in the complaint was the defective one sounding in slander. The court reserved decision on this motion, except that in its charge it instructed the jury that the plaintiff could not recover on any claim of defamation. After the verdict, the defendant Fink moved for judgment notwithstanding the verdict in accordance with his motion for a directed verdict. Practice Book § 234; *Fisher* v. *Jackson,* 142 Conn. 734, 738, 118 A.2d 316. The court should have granted the motion. *Antonofsky* v. *Goldberg,* supra, 599.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant Hyman Fink notwithstanding the verdict.

In this opinion the other judges concurred.