[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #109
By a four count amended complaint filed on May 11, 1994, the plaintiff, Steven Pitka ("Pitka") seeks monetary damages and medical expenses from defendant Charles Ullrich ("Ullrich") for personal injuries suffered while he was a passenger in an automobile driven by Ullrich. On February 15, 1993, the car that Ullrich was driving allegedly left the roadway and slammed into a stonewall that borders Pequot Road in the City of New London.
Count one of Pitka's amended complaint sounds in ordinary negligence. It alleges that Pitka's injuries were directly and proximately caused by Ullrich's actions as the driver of the automobile. In eight listed subparagraphs of count one of the amended complaint, Pitka alleges various statutory and non-statutory violations by Ullrich. In summary, the allegations assert that Ullrich drove the car at an unreasonable rate of speed while under the influence of alcohol. Pitka also alleges that the car was operated with unsafe tires and brakes, and that it was driven in a careless and inattentive manner.
Count two of the amended complaint incorporates the allegations contained in count one and then goes on to allege that Ullrich operated his automobile "deliberately or with reckless disregard for the safety of his passenger," Pitka. Count two then continues and basically repeats each allegation of count one with the additional claim that Ullrich's actions were deliberate and reckless. Based on this claim of deliberate recklessness, Pitka seeks an award of double or treble damages pursuant to General Statutes § 14-295.
Counts three and four of the complaint concern other defendant's not pertinent to the motion before the court.
On June 23, 1994, Ullrich, and co-defendant Zalewski, the owner of the automobile, moved to strike count two of the complaint on the ground that it lacks specific factual allegations sufficient to support a claim of recklessness. Pitka opposes the motion to strike on the ground that there is CT Page 11500 no need to plead specific factual allegations of recklessness under § 14-295. Both parties have submitted briefs in support of their respective positions.
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." Practice Book § 152(1). In pleading a case, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Weiderlight,208 Conn. 525, 535 n. 1, 546 A.2d 216 (1988), quoting Stavneer v.Sage-Allen, 146 Conn. 460, 461, 152 A.2d 312 (1959). If the pleader fails to do so, "a motion to strike is properly granted where a . . . complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins.
Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . ." (citations omitted; internal quotation marks omitted)Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." WestportBank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992).
General Statutes Sec. 14-295 states:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 1-237, 14-239
or 14-240a, and that such violation was a substantial factor in causing such injury, death, or damage to property.
In count two of his amended complaint, Pitka states in CT Page 11501 part that:
 3. The Defendant . . . operated his vehicle at an excessive rate of speed, in violation of § 14-218a
and/or § 14-219 . . . deliberately or with reckless disregard for the safety of his passenger, the Plaintiff.
 4. The Defendant . . . operated his vehicle while under the influence of alcohol, in violation of § 14-227a . . . deliberately or with reckless disregard for the safety of his passenger, the Plaintiff.
 5. The Defendant . . . operated his vehicle in a reckless and careless manner, in violation of § 14-222. . . deliberately or with reckless disregard for the safety of his passenger, the Plaintiff.
In a 1992 case interpreting the same statute at issue here, 1992, this court noted that:
 [t]here is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. The complaint in the instance case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word `recklessness' in not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
(Internal quotation marks omitted) Gaudet v. Ziobran, 6 CONN. L. RPTR. 862 (1992) (Austin, J.) quoting Dumond v. Denehy,145 Conn. 88, 139 A.2d 58 (1958).
Nowhere in count two of the amended complaint does Pitka allege specific facts or conduct which would give rise to a level of recklessness. Pitka simply makes a legal conclusion that Ullrich's conduct was deliberate and reckless without pleading facts sufficient to support his claim for double or treble damages under General Statutes § 14-295. CT Page 11502
Count two of plaintiff's amended complaint is stricken.
Austin, J.