[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a complaint dated February 14, 1990, and filed with the court on February 20, 1990, Plaintiff Anthony Swienicki, brought suit against defendants Griggs Browne and ERA Reality ("ERA"). Swienicki bought a house listed with ERA that had been inspected for terminates by Griggs Browne. Griggs Browne allegedly inspected and reported that the house was termite free. ERA forwarded the inspection report to Swienicki.
Relying on this report, Swienicki purchased the house on March 15, 1988. Eventually, Swienicki discovered that his home was not termite free. According to the complaint, the home was infested by termites and was actually sinking because of the termite damage. CT Page 1079-I
The original complaint was later amended by a complaint filed on May 11, 1990. The first two counts of the amended complaint allege negligence and breach of warranty by Griggs Browne. In counts three and four, ERA was sued for fraudulent misrepresentation and a breach of the duty of fair dealing.
This first amended complaint was then amended again on August 29, 1994 and filed with the court on September 6, 1994. This operative complaint alleges two CUPTA counts against Griggs Browne and ERA in counts four and five respectively.
On November 14, 1995, Griggs Browne moved to strike count five of the amended complaint on the ground that Swienicki has failed to allege a pattern of conduct in the course of business as required by CUPTA. Furthermore, Griggs Browne asserts that even if a pattern of conduct is alleged, the CUPTA claim is barred by the three year statute of limitations. Also citing CUPTA's statute of limitations, ERA also moved to strike count six of the complaint on November CT Page 1079-J 21, 1994.
Both defendants have filed briefs in support of their respective positions. Swienicki opposes defendants' motions and asserts that a claim of CUPTA may be based on a single act of misconduct. Swienicki further states that the CUPTA counts are not barred by the statute of limitations because counts five and six merely amplify or relate back to the first amended complaint filed on May 11, 1990.
DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc. 196 Conn. 91, 108,491 A.2d 368 (1985). Under § 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross-claim, or any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Practice Book § 152(1).
In pleading a case, "it is incumbent on a plaintiff to CT Page 1079-K allege some recognizable cause of action in his complaint."Weiss v. Wiederlight, 208 Conn. 525, 535 n. 1, 546 A.2d 216
(1988) quoting Stavnezer v. Sage-Allen, 146 Conn. 460, 461,152 A.2d 312 (1959). "If the facts that the plaintiff alleges are insufficient to frame her cause of action, the plaintiff cannot prevail." Quimby v. Kimberly Clark Corp. , 28 Conn. App. 660,669, 613 A.2d 838 (1992).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . ." (Citations omitted; internal quotation marks omitted)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . ."Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
1. A single transaction and CUPTA
Swienicki correctly cites to a number of cases at the superior court level holding that an single act or occurrence, CT Page 1079-L if sufficiently plead, can constitute a CUPTA claim. However, this court finds the holding and reasoning in Lees v.Middlesex Ins. Co., 229 Conn. 842, ___ A.2d ___ (1994), persuasive. In Lees, the Supreme Court held that in order to prevail on a claim brought under the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes § 38-60 et seq., and the Connecticut Unfair Trade Practice Act (CUPTA); General Statutes § 42-110a et seq., a plaintiff has to show that the defendant was engaged in violations of CUIPA "with such frequency as to indicate a general business practice." The court noted that the language in the CUIPA evinces a legislative intent to "exempt from coverage under CUIPA isolated instances of insurer misconduct." Id. 849. The court went on to note that since the plaintiff could not show a course of conduct by the defendant in support of its CUIPA claim, plaintiff could not prevail under CUPTA because of the lack of allegations of continued wrongful conduct. Id. 851.
The court agrees and adopts the analysis as set out inLees. In the case before the court, Swienicki fails to allege that Griggs Browne and ERA were engaged in a continuous CT Page 1079-M course of conduct with regard to home inspections and sales respectively. On its face, the complaint merely alleges a series of steps by Griggs Browne related to the inspection and subsequent attempted extermination of termites in the Swienicki home.
Therefore, count five must be stricken.
2. Statute of Limitations and CUPTA
Both Griggs Browne and ERA assert that the respective CUPTA counts brought against them are barred by the statute of limitations.
General Statutes § 42-100g(f) states, "[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter."
The amended complaint dated May 11, 1990 makes no reference whatsoever to a CUPTA claim. The closest the complaint comes to making a claim under CUPTA is its reference CT Page 1079-N to attorney fees by citing 42-110a et seq. in the Ad Damnum clause.
The operative complaint of August 29, 1994 now attempts to state a cause of action under CUPTA. However, the underlying cause of action occurred sometime around March/April of 1988. After a careful review of the first amended complaint of May 11, 1990, and the operative complaint of August 29, 1994, the court finds that counts five and six can not be said to relate back to the May 11, 1990 complaint because they state a separate and statutory cause of action that is not a mere amplification of the breach of contract and duty actions which underlie the earlier amended complaint.
Thus, based on the above discussion, the court finds five and six are barred by CUPTA's three year statute of limitations.
CONCLUSION
For the foregoing reasons, counts five and six of the CT Page 1079-O complaint are hereby stricken.
Hurley, J.