[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an action for breach of contract (count one) and anticipatory breach of contract (count two) brought by the plaintiff, Southeastern Connecticut Regional Resources Recovery Authority (SCRRRA), against the defendants, the Town of Guilford and the Town of Madison (defendants). CT Page 8994
According to the complaint, the facts are as follows. In 1987 SCRRRA entered into an agreement with the defendants to process and dispose of solid wastes through the construction, financing, and operation of a garbage incinerator. In return, the defendants and other municipalities agreed to deliver to the facility all their solid waste, and to make service fee payments to the SCRRRA for the processing of the same. The total amount of the service fee that the defendants are required to pay is equal to the per ton fee established by the SCRRRA plus the greater of the number of tons that the defendants actually deliver to the facility or a contractually set minimum requirement.
In count one of the complaint, the SCRRRA alleges that it sent invoices to the defendants charging them for the amounts of garbage actually sent to the facility and that the defendants paid less than the invoice amount. The complaint alleges that the towns owe a total of $198,256.79 in service fees because they paid less than the invoice amounts in June, July, and August of 1994.
Count two of the complaint realleges the allegations of count one. It further states that during the 1994 contract year (July 1, 1993 to July 30, 1994), the SCRRRA sent the service fee invoices based on the actual amount of garbage received by the facility, but the amount due did not include any charge based on the municipalities' failure to meet their minimum garbage commitments. SCRRRA alleges that it deferred charging the defendants for any garbage shortfall "[u]ntil it could be determined whether there was a financial deficit for the period and whether the aggregate of all deliveries from the Member Municipalities and the Towns was less that the aggregate of all respective minimum commitments." (Count 2, paragraph 30).
SCRRRA eventually determined that it operated at a deficit during contract year 1994 because some of the municipalities delivered less than the minimum amount of garbage to the incinerator. The SCRRRA then sent letters to the defendants and other towns notifying them that "it intends to submit invoices to those Member Municipalities and Towns which failed to meet their Minimum Commitments for Contact Year 1994 in order to pay the 1994 Deficit." SCRRRA further alleges that the defendants do not intend to pay such CT Page 8995 invoices, resulting in an alleged claim for anticipatory breach of contract.
By motion filed with the court on March 22, 1995, the defendants move to strike count two of the complaint on the ground that it fails to state a claim for which relief can be granted "in that the plaintiff has not alleged that the defendant Towns have a duty to pay unsent, unquantified invoices and has not adequately alleged the Town's [sic] intent not to perform."
The plaintiff opposes said position asserting that count two validly states a claim for which relief can be granted. Both parties have submitted timely briefs in support of their respective positions.
DISCUSSION
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152(1). In pleading a case, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Wiederlight, 208 Conn. 525,535 n. 1, 546 A.2d 216 (1988) (quoting Stavnezer v. Sage-Allen,146 Conn. 460, 461, 152 A.2d 312 (1959)). If the pleader fails to do so, "a motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390
(1988). "`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [pleader]'. . ." (Citations omitted) Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . ." Westport Bank Trust Co., v.Corcoran, Mallin Aresco, 221 Conn. 490, 495 605 A.2d 862
(1992).
"An anticipatory breach of contract occurs when the breaching party repudiates his duty before the time for performance has arrived." Danielson v. Russell, Superior CT Page 8996 Court, judicial district of Middlesex at Middletown, Docket No. 64703 (June 3, 1994, Higgins J.) "The manifestation of intent not to render the agreed upon performance may be either verbal or nonverbal and is largely a factual determination in each instance." (Citations omitted.) Pullman, Comley, Bradley Reeves v. Tuck-it-away, Bridgeport, Inc., 28 Conn. App. 460,465, 611 A.2d 435 (1992).
A review of count two demonstrates that the plaintiff has failed to state a valid claim of anticipatory breach of contract. While there is no question that the defendants have a duty to pay for any shortfall under the agreement, count two merely states that "SCRRRA has notified the Member Municipalities and the [defendants] that it intends to submit invoices to those Member Municipalities and [the defendants]" which failed to meet their waste quota for the 1994 contract year in order to pay for the 1994 operating deficit. According to the contract, which was attached to the complaint, the towns have thirty days from the receipt of the service invoice to pay the SCRRRA.[1] Thus, the defendants duty to pay arises after they get the bill, but count two merely states that the SCRRRA intends to submit the invoice. An anticipatory breach of contract would be properly plead if the SCRRRA stated that an invoice was sent, and that the defendants manifested an intent not to pay it before the thirty days expired.
Furthermore, the plaintiff had merely stated the legal conclusion that the defendants, on information and belief, do not intend to pay any such invoice for Contract Year 1994. The plaintiff does allege that the defendants have refused to pay similar invoices for 1993, but the complaint needs to state more definite and certain facts in order to demonstrate that the defendants have manifested a specific verbal or non-verbal intent not to pay the 1994 invoices.
CONCLUSION
For the above stated reasons, defendants motion to strike count two of the complaint is granted.
Hurley, J.