[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a seven count revised complaint filed with the court on January 18, 1995, plaintiff, Jane Doe Jr. (Doe), a minor child, brought suit against the defendants, the First Church of Christ, Congregational (Church), the Reverend Arthur Pope (Pope), minister of the Church, and Raymond Rogers (Rogers). John Doe Sr., the father of Jane Doe, is also a named plaintiff.
According to the complaint, the facts are as follows. Prior to April 19, 1991, the Church, through its agent/employee Pope, organized a youth trip to Louisiana. Pope solicited and invited youths, including Doe, to attend the trip. Pope also selected Rogers to be one of the chaperons for the trip. While in Louisiana, the complaint alleges that Rogers sexually assaulted Doe. Additionally, Doe CT Page 9323 alleges that Pope "instructed, fostered, and encouraged Raymond Rogers to engage in sexual acts with minors."
Count six of the complaint is brought directly against the Church, and alleges that the Church was negligent in its control and supervision of Pope, that Pope's acts were a foreseeable result of the Church's failure to supervise Pope, and that the Church's lack of oversight of its minister caused Doe to suffer serious and permanent emotional injuries. Count seven realleges the facts as contained in count six, and claims that John Doe Sr. has incurred and will incur expenses for the medical treatment of his daughter Jane Doe.
On February 21, 1995, the Church filed a motion to strike counts six and seven of the plaintiff's complaint. The Church asserts that counts six and seven fail to state a cognizable cause of action. In the alternative, the Church also asserts that the plaintiffs have not properly plead a cause of action in negligence.
The plaintiffs counter that negligent supervision is a recognized cause of action in Connecticut, and further claim that it has been properly plead. Both sides have submitted briefs in support of their respective position.
DISCUSSION
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152(1). In pleading a case, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Wiederlight, 208 Conn. 525,535 n. 1, 546 A.2d 216 (1988) (quoting Stavnezer v. Sage-Allen,146 Conn. 460, 461, 152 A.2d 312 (1959)). If the pleader fails to do so, "a motion to strike is properly granted where a complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins.Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
"`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the CT Page 9324 [pleader]' . . ." (Citations omitted) Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . ." Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 605 A.2d 862 (1992) "The court takes as true the facts alleged in the pleading sought to be stricken." Apagar v.MBS Business Systems, Superior Court, JD of Hartford, DN. 3855203 Conn. L. Rptr. 55 (January 2, 1991).
In its brief in support of the motion to strike, the Church initially asserts that "a cause of action directly against an employer for the negligent control and supervision of an employee has heretofore not been recognized by the State of Connecticut." The Church's statement of the law is misguided.
In Gutierrez v. Thorne, 13 Conn. App. 493, 537 A.2d 527
(1988), the plaintiff sued the Commissioner of Mental Retardation after an employee of the department sexually assaulted a person who was participating in a department-sponsored living program. In reviewing the trial court's grant of the defendant's motion for summary judgment, the court noted that summary judgment was properly granted on plaintiff's claim of vicarious liability because the employee was clearly acting beyond the scope of his employment when he sexually assaulted the plaintiff. The court, however, went on to reverse the trial courts grant of summary judgment as to the plaintiff's other count brought in negligent supervision[1]
and noted that,
 [t]he plaintiff seeks to base the defendant's liability upon allegations of negligence which flow, not solely from [the employee's] conduct, but also from the defendant's acts or omissions, or those of his agents other than [the employee] which allegedly resulted in the injuries to the plaintiff. As such, the several allegations of a failure to exercise due care on the part of the defendant — each an independent claim of direct negligence — do not depend upon a successful theory of vicarious liability under the doctrine of respondent superior. CT Page 9325
 Gutierrez v. Thorne, supra, 13 Conn. App. 499-500.
The above case demonstrates that Connecticut courts do recognize an independent cause of action of negligent supervision in an employer/employee setting. The Church seeks to distinguish Gutierrez from the case presently before the court on the ground that the assaulting party in Gutierrez was an actual employee of the defendant where as in this case the wrongdoer, Rogers, was a chaperon chosen by the Church's employee, Pope.
This fact has no bearing on the issue of whether the plaintiff has properly plead a cause of action in negligent supervision. In Wallace v. Der-Ohanian, 18 Cal.Rptr. 892
(1962), a minor summer camper sued the owner of the camp in negligence when the minor was raped by an unknown assailant. The court noted that "[t]he decision of this case must turn on the question of whether or not the risk of sexual molestation was one which the defendant should have foreseen and better guarded against." Id., 895.
The issue of foreseeability of harm to Doe in this case is a question of fact for the jury to decide. For purposes of the motion to strike, plaintiffs' count six and seven must survive if the plaintiffs' properly plead a cause of action in negligence. A review of the language of both counts demonstrates that they have done so.
The complaint alleges that the Church, through its agent, Pope organized and solicited children to attend the Louisiana trip. The complaint further alleges that Pope selected Rogers to be a chaperon on the trip and that Pope encouraged Rogers to engage in sexual conduct with minors. The plaintiffs then allege that the Church breached its duty of care in that it failed to ensure that Pope was providing proper ministerial services and was acting in accordance with professional ministerial standards. As an a result of the Church's alleged failure to supervise Pope, Doe was exposed to Rogers whose sexual assault on Doe was a "foreseeable result of the defendant [Church's] negligence in controlling and supervising the defendant minister. Such negligence allegedly caused the plaintiff to suffer permanent emotional injuries.
Taking all of the allegations as true as the court must in a motion to strike, the court concludes that the CT Page 9326 plaintiffs' have properly plead an cause of action in negligence. The fact that Pope was not the actual assaulter is of no consequence because the plaintiffs' have properly alleged that the Church's failure to supervise Pope led to a foreseeable sexual assault by a chaperon chosen by the Church's minister.
CONCLUSION
Therefore, the Church's motion to strike count six and seven of the complaint is denied.