[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a ten-count second revised complaint filed with the court on March 20, 1995, the plaintiff, Kelah N. Lyons (Lyons) seeks compensatory and punitive damages as a result of an assault by the defendants, Nicholas J. Conti, Jr. (Conti) and Sean L. Henessy (Henessy). According to the complaint, on July 13, 1994, Lyons was beaten by the defendants. While allegedly beating Lyons, the defendants uttered racial epithets. The complaint alleges that the plaintiff is a member of the black race while the defendants are members of the white race.
Count six of the complaint alleges that Henessy's actions constitute a violation of his civil rights pursuant to42 U.S.C. § 1981. Count eight alleges a violation of the plaintiff's rights guaranteed by 42 U.S.C. § 1985, and count ten alleges a violation of 42 U.S.C. § 1986.
By a motion filed with the court on May 11, 1995, Henessy moves to strike counts six, eight, and ten. Henessy asserts that counts six fails to state a cause of action for which relief can be granted because there is no cause of action for a racially motivated assault under 42 U.S.C. § 1981 in the absence of state action or involvement. In addition, Henessy moves to strike counts eight and ten on the ground that the plaintiff has failed to plead facts sufficient enough to support causes of action under either statute. The plaintiff opposes Henessy's motion to strike and claims that 42 U.S.C. § 1981, interpreted broadly, does allow a cause of action between two individuals for a racially motivated assault. The plaintiff also claims sufficient facts have been plead in counts eight and ten to withstand a motion to strike. Both sides have submitted briefs in support of their respective positions. CT Page 11160
DISCUSSION
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Practice Book § 152(1). In pleading a case, "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Wiederlight, 208 Conn. 525, 535 n. 5,546 A.2d 216 (1988) quoting Stavnezer v. Sage-Allen, 146 Conn. 460,461, 152 A.2d 312 (1959). If the pleader fails to do so, "[a] motion to strike is properly granted where a . . . complaint alleges legal conclusions unsupported by facts."Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988).
When ruling on a motion to strike, "[a] trial court must take the facts to be those alleged in the complaint."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "The court must construe the facts in the complaint most favorably to the [pleader]'". . ." (Citations omitted.) Novametrix Medical Systems, Inc., v. BOC Group,Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." Westport Bank Trust Co., v. Corcoran,Mallin Aresco, 221 Conn. 490, 49, 605 A.2d 862 (1992).
I. Count six
42 U.S.C § 1981, as amended by the Civil Rights Act of 1991, P.L. 102-166, states in part:
 (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceeding for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
This post Civil War statute is concerned primarily with the CT Page 11161 right to contract, and has been used extensively in the area of employments contracts. The plaintiff, relying on Mahone v.Waddle, 564 F.2d 1018 (3rd Cir. 1977) cert. denied, 438 U.S. 904
(1978), however, claim that federal courts have construed the "equal benefit" and "like punishment" clauses as enumerating certain other protections under the statute. The plaintiff asserts that these clauses provide him with a cause of action if he can show that his beating was racially motivated. The court notes that there is a split of authority in the federal courts regarding the applicability of 42 U.S.C. § 1981
to racially motivated attacks involving private persons. See Hawk v. Perillo, 642 F. Sup. 380 (N.D. Ill. 1985) (holding that the act was intended to reach private acts of discrimination including racially motivated acts by private actors); Mahone v. Waddle, 564 F.2d 1018 (3rd Cir. 1977) (holding that the full and equal benefit clause of the statute is concerned primarily with relations between an individual and the state, and can not be construed to federalize racially motivated torts.)
The court has carefully reviewed the federal court decisions regarding 42 U.S.C. § 1981, and adopts the rationale of Mahone, supra, which was recently adopted by another federal court in New York in the case of Spencer v. Casavilla,717 F. Sup. 1057 (S.D.N.Y. 1989), vacated and remanded,903 F.2d 171 (2d Cir. 1990). That district court noted that:
 The word "full and equal benefit of all laws and proceedings for the security of persons and property" (emphasis supplied) . . . suggest a concern with relations between the individual and the state, not between two individuals. The state, not the individual, is the sole source of law, and it is only the state acting through its agents, not the private individual, which is capable of denying to blacks the full and equal benefit of the law. Thus, while private discriminations may be implicated by the contract clause of section 1981, the concept of state action is implicit in the equal benefit clause. The like punishment clause may be read in the same way.
Id. 1059 quoting Mahone v. Waddle, 564 F.2d 1018, 1029
(3rd Cir. 1977).
Because this assault, even if racially motivated, took CT Page 11162 place between private individuals, the plaintiff can not state a cause of action under 42 U.S.C. § 1981 unless state action is involved Therefore, counts six fails to state a cause of action for which relief can be granted, and is stricken.
II. Count 8
42 U.S.C. § 1985(3) states in part:
 [i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.
"To state a cause of action under § 1985(3) a plaintiff must allege (1) conspiracy (2) for the purpose of depriving a person . . . of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of right or privilege of a citizen of the United States." Spencer v.Casavilla, supra, 717 F. Sup. 1060.
In this case, the plaintiff has alleged that "the Defendant, [Henessy] acted in concert with the Defendant [Conti] and in furtherance of a conspiracy to violate the rights of the Plaintiff; specifically, the right to freely associate, the right to freely travel, in violation of both the State and Federal Constitutions, and section 46a-58 of the Connecticut General Statutes, all in violation of 42 U.S.C. § 1985." (Count 8, paragraph 6).
Even viewing the complaint in a light most favorable to the pleading party, the plaintiff in this case has merely CT Page 11163 stated legal conclusions of conspiracy by the defendants to deprive the plaintiff of his right to travel and associate. The plaintiff needs to plead more specific facts that would support his cause of action. See, Spencer v. Casavilla,903 F.2d 171, 175 (2nd Cir. 1990). Thus, plaintiff's count 8 is insufficient as a matter of law.
III. Count 10
Since a claim under 42 U.S.C. § 1986 is predicated on a violation of 42 U.S.C. § 1985, the plaintiff's failure to properly plead a cause of action in count eight leaves this court with no choice but to strike count ten as well. "[W]here a plaintiff has no cause of action under Section 1985, he can sustain no claim for neglect to prevent under § 1986." Mahoney v. National Organization of Women,681 F. Sup. 129, 135 (D.Conn. 1987).
CONCLUSION
For the above-stated reasons, the defendant's motion to strike counts six, eight, and ten is granted.