[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (NO. 103)
In a two count complaint filed with the court on February 22, 1995, the plaintiff, William J. Murray (plaintiff), seeks to recover for personal injuries and medical expenses as a result of a two car rear-end type collision with the defendant, Stanley Krupa (defendant).
The facts alleged are as follows. On April 13, 1993, plaintiff was travelling south on Route 9 in Middletown, Connecticut. Because of another accident ahead of him, the plaintiff was forced to bring his vehicle to a stop. The defendant was travelling in the same direction as plaintiff, but he failed to stop in time and rear-ended plaintiff's vehicle. Count one of the complaint asserts that defendant operated his vehicle in a negligent manner, and alleges violations of various highway statutes including General Statutes §§ 14-240, 14-218a, 14-219, and 14-222. Count two of the complaint sounds in recklessness and incorporates paragraphs one through four of count one, and then goes on to state that the defendant, "with reckless disregard, operated his motor vehicle in violation of" the same highway statutes cited in count one. CT Page 11523
The defendant moved to strike count two of the complaint, together with the plaintiff's prayer for double/treble damages pursuant to General Statutes § 14-295, on the ground that count two merely realleges the negligent acts of count one without referencing or stating additional facts necessary to raise the defendant's conduct to a level of recklessness. The plaintiff opposes the defendant's motion to strike, and asserts that count two sufficiently alleges a statutory claim of recklessness in conformity with the General Statutes § 14-295. Both sides have submitted briefs in support of their respective positions.
DISCUSSION
A motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152 (1). In pleading a cause of action, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Wiederlight, 208 Conn. 525, 535 n. 1 (1988) (quoting Staynezer v. Sage-Allen, 146 Conn. 460, 461
(1959)). If the pleader fails to do so, "a motion to strike is properly granted where a complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211 (1988).
"`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [pleader]'. . ." (Citations omitted) Novametrix Medical Systems, Inc. v. BOCGroup, Inc. 224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . ."Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490 (1992).
General Statutes § 14-295 states:
 In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation CT Page 11524 of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
The trial courts of this state are divided on the issue of whether a plaintiff must allege additional facts to support a claim of recklessness that are distinct from the claims of negligence when seeking double or treble damages under General Statutes § 14-195, in order to survive a motion to strike. Some courts hold that a plaintiff can merely reallege the facts as stated in a negligence count in another count purporting to allege recklessness as long as the plaintiff states that the defendant's actions were in reckless disregard of certain enumerated highway statutes. See Spencer v. King,10 Conn. L. Rptr. 48 (September 16, 1993) (holding that a plaintiff need only plead that a defendant violated certain highway statutes with reckless disregard because 14-295 concerns itself with statutorily created, not a common law, cause of action.) See also McGuire v. Ferguson, 14 Conn. L. Rptr. 20 (October 2, 1995) and cases cited therein. But see, Jimenez v. Schell,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0127265 (November 8, 1994, Lewis, J.) (holding that a plaintiff must support his claim of recklessness with additional facts that are different and distinct from a previous count brought in negligence);
The court has reviewed the divergent decisions, and adopts the view stated in Jimenez v. Schell, supra. "There is a wide difference between negligence and reckless disregard of the rights of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on . . . . Simply using the word `reckless' or `recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Citation omitted; internal quotation marks omitted) Id. A review of count two reveals that the plaintiff realleges the first four paragraphs of count one that form the basis of the his negligence action, and then states: "the defendant . . . with reckless disregard, operated his motor vehicle in violation of one or more of the following statutory provisions." (Count 2, para. 5). Count two continues to recite three of the six highway statutes included CT Page 11525 within the purview of General Statutes § 14-195.
The court finds that count two of the complaint is insufficient to withstand a motion to strike because it fails to allege additional facts, other than those pleaded in the negligence count, which would support a claim of reckless conduct. The plaintiff merely states the legal conclusion that the defendant's conduct was in reckless disregard of certain statutes. Therefore, the defendant's motion to strike count two of the complaint and the plaintiff's prayer for double-treble damages, is granted.
Teller, J.