[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a two count complaint filed with the court on February 22, 1995, the plaintiff, Robert Smith (Smith) seeks to recover for personal injuries and medical expenses against the defendants Mitsubishi Motors Credit of American (Mitsubishi) and Christopher Moore (Moore).
According to the complaint, the facts are as follows. On January 25, 1995, Smith was standing in a private driveway located off of Noank-Ledyard Road in Groton, Connecticut. Moore was operating a 1994 Galant, which he leased from Mitsubishi, in an easterly direction on the Noank-Ledyard Road. At the same time and place, another vehicle, operated by Stephen D. Magowan (Magowan), was traveling westerly on the road when Moore crossed the center line and collided with Magowan's vehicle. As a result, Magowan's vehicle was "propelled sideways, went out of control, and violently" struck Smith.
Count one of the complaint asserts that Moore operated CT Page 475 his vehicle in a negligent manner, and alleges violations of various highway statutes including General Statutes §§ 14-230,14-218a and 14-222 Count two of the complaint sounds in recklessness and incorporates paragraphs one through six of count one, and then goes on to state that Smith's injuries were "directly and proximately caused by the recklessness and wanton misconduct on the part of the defendant [Moore]"
By a motion filed with the court on August 9, 1995, the defendants moved to strike count two of the complaint, along with the plaintiff's prayer for double/treble damages pursuant to General Statutes § 14-295, on the ground that count two merely re-alleges the negligent acts of count one without referencing or stating additional facts necessary to raise the defendants' conduct to a level of recklessness. The plaintiff opposes the defendants' motion to strike, and asserts that count two sufficiently alleges a statutory claim of recklessness in conformity with the General Statutes § 14-295. Both sides have submitted briefs in support of their respective position.
DISCUSSION
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152(1). In pleading a case, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint" Weiss v. Wiederlight, 208 Conn. 525,535 n. 1, 546 A.2d 216 (1988) (quoting Stavnezer v. Sage-Allen,146 Conn. 460, 461, 152 A.2d 312 (1959)). If the pleader fails to do so, "a motion to strike is properly granted where a 
complaint alleges legal conclusions unsupported by facts"Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988).
"`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [pleader]'. ." (Citations omitted) Novametrix Medical Systems, Inc. v. BOCGroup, Inc. 224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . ."Westport Bank Trust Co. v. Corcoran, Mallin Aresco, CT Page 476221 Conn. 490, 495 605 A.2d 862 (1992).
General Statutes § 14-295 states:
 In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
The trial courts of this state are split on the issue of whether a plaintiff must allege additional facts to support a claim of recklessness that are distinct from any claim of negligence in order to survive a motion to strike and seek double-treble damages under General Statutes § 14-195. Some courts hold that a plaintiff can merely reallege the facts as stated in a negligence count in another count purporting to allege recklessness as long as the plaintiff states that the defendant's actions were in reckless disregard of certain enumerated highway statutes. See, Jimenez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0127265 (November 8, 1994, Lewis, J.) (holding that a plaintiff must support his claim of recklessness with additional facts that are different and distinct from a previous count brought in negligence); Spencer v. King,10 Conn. L. Rptr. 48 (September 16, 1993) (holding that a plaintiff need only plead that a defendant violated certain highway statutes with reckless disregard because 14-295
concerns itself with statutorily created, not a common law, cause of action.)
The court has carefully reviewed the competing decisions, and adopts the view as stated in Spencer v. King, supra. "General Statutes § 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages." Id., 49. A review of count two reveals that the plaintiff has alleged his injuries "were directly and proximately caused by the recklessness and wanton misconduct on CT Page 477 the part of the defendant [Moore]." Count two then goes on to list three of the six highway statutes that are listed within the text of General Statutes § 14-295.
The court finds that count two of the complaint is sufficient to withstand a motion to strike because it is plead in conformity with the requirements of General Statutes § 14-295. Therefore, the defendants' motion to strike count two of the complaint, along with the plaintiff's prayer for double-treble damages, is denied.
CONCLUSION
For the above stated reasons, the defendants' motion to strike is denied.
Hurley, J.