[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a four count amended complaint dated and filed with the court on September 1, 1995, the plaintiff, United Artists Theatre Circuit, Inc., (tenant) brought suit against the defendant, Groton Shoppers Mart (landlord), a Connecticut partnership.
According to the complaint, the facts are as follows. On November 4, 1988, the landlord and the tenant entered into a commercial lease whereby the landlord agreed to lease a portion of its shopping center to the tenant for use as a multiplex movie theatre. Under the terms of the lease, the landlord was allegedly required to fix and improve the parking areas near the move theater. Because of the increased traffic associated with a multi-screen cinema, the state traffic commission required extensive roadwork on and around the entrances to the shopping plaza, particularly near the entrance to the theater off Route 1. The landlord procured the needed certificates for the roadwork in compliance with General Statutes 14-311 (a).
When the tenant began to make all of the necessary changes to the building to accommodate its multiplex cinema, the landlord allegedly informed the tenant that it would not perform the work needed to make the parking lots and its entrances comply with the state's requirements. In order to protect its financial investment in the cinema, the tenant expended its own monies to make the necessary changes. The tenant claims that the work it performed was the responsibility of the landlord under the lease.
The first count of the complaint alleges that the landlord breached the lease agreement. The second count alleges that the landlord's act in breaching the lease was reckless. The third count states that the landlord's actions constitute a violation of the Connecticut Unfair Trade Practice Act (CUTPA), and count four alleges a claim for unjust enrichment. CT Page 1420-D
By a motion filed with the court on September 13, 1995, the defendant moved to strike counts three and four of the tenant's complaint for failure to state a cause of action for which relief can be granted.[1] Both sides have submitted briefs in support of their respective positions.
DISCUSSION
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152(1). In pleading a case, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Wiederlight, 208 Conn. 525,535 n. 1, 546 A.2d 216 (1988) (quoting Stavnezer v. SageAllen, 146 Conn. 460, 461, 152 A.2d 312 (1959)). If the pleader fails to do so, "a motion to strike is properly granted where a . . . complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins.Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988). "`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [pleader]'. . ." (Citations omitted) Novametrix Medical Systems, Inc. v. BOCGroup, Inc. 224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . ." Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495 605 A.2d 862 (1992).
In support of its motion to strike, the landlord claims that count three merely realleges a cause of action based on breach of contract in count one, and then attempts to add allegations that do not rise to the level of a CUTPA. In opposition, the tenant claims that count three alleges specific acts of misconduct that go beyond a mere breach of contract and would support a CUTPA violation.
General Statutes § 42-110b(a) states: "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining whether the alleged acts or CT Page 1420-E practices constitute a violation of CUTPA, the court looks to the following factors:
 (1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessman].
 Normand Josef Enterprises. Inc. v. Connecticut NationalBank, 230 Conn. 486, 522, 646 A.2d 1289 (1994). "All three criteria do not have to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . ." Id. 522.
Count three of the complaint realleges the breach of contract claim of count one, and then alleges that the landlord violated CUTPA because:
 a. it approved plans for work thereby leading the Tenant to believe that the work described therein was the only work that was Tenant's responsibility at a time when the Landlord knew that it did not intend to perform the remaining required work;
 b. it obtained a certificate from the State Traffic Commission . . . but thereafter refused to perform the work required by the State as a condition for final approval of the use of the premises. . . .
 c. it concealed its intention to refuse to perform work on the parking and common areas during a period when the Tenant was engaged in the construction of improvements on and to the landlord's premises;
d. it informed the Tenant that matters of ingress CT Page 1420-F and egress were not issues, thereby leading the Tenant to believe that the Landlord would perform any work necessary to provide acceptable ingress and egress;
 e. it took the position that [the lease] imposed a duty on the Tenant to do work on the parking area and other common areas, when it knew that such position was clearly unjustifiable;
 f. it refused to perform work to benefit its own property, which work it had contracted to perform, under circumstances that compelled the Tenant to perform such work;
 g. it took a pretextual position in order that the Tenant would be required to perform work, which was the Landlord's responsibility, and which was necessary for the safety of users of its shopping center;
 h. it adopted a pretextual position in order to require the Tenant to perform work, which it knew the Town of Groton expected the Landlord to perform.
(Complaint, Count 3, paragraph 12).
Even viewing the allegations of the complaint in a light most favorable to the pleading party, the court finds that the allegations are insufficient as a matter of law because they merely suggest a disagreement over the terms and conditions of a lease agreement, and do not rise to a level of a CUTPA violation. "A simple breach of contract, even if intentional, does not amount to a violation of the Act, a [claimant] must show substantial aggravating circumstances attending the breach to recover under [CUTPA]. . . ." (Citation omitted, internal quotation marks omitted.) Emlee Equipment LeasingCorp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580, 595 A.2d 95 (1991).
"CUTPA may be violated by conduct constituting something more than a simple breach of contract but less than a traditional tort claim. The circumstances in which CUTPA may be violated by conduct that also breaches a contract or CT Page 1420-G contracts are, however, unclear. Every breach of contract could be treated as an unfair act. Such a result, however, would be likely to have very significant commercial consequences." 1 R. Langer, J. Morgan D. Belt, The Connecticut Unfair Trade Practices Act (1994) p. 114. A review of count three reveals that the allegations merely go to a breach of a lease agreement, and do not rise to a level of a CUTPA claim as now plead. Therefore, the defendant's motion to strike count three of the plaintiff's complaint should be granted because it fails to state a cause of action under CUTPA for which relief can be granted.
CONCLUSION
For the above stated reasons, the defendant's motion to strike count three of the complaint is granted.
Hurley, J.