[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an action for personal injuries brought by the plaintiff, Michael Palmer (Palmer) against the defendants Mitsubishi Motors Credit of America, Inc., (Mitsubishi) and Christopher Moore (Moore).
According to the complaint, the facts are as follows. On January 24, 1995, Moore was operating a vehicle travelling east on the Noank-Ledyard Road in Groton, Connecticut. The vehicle Moore was driving was leased from Mitsubishi. At some point, Moore crossed the center line and hit a car that was travelling in the opposite direction. Said car was propelled sideways and struck Palmer who was standing in a private driveway on the side of the road.
Count one of the complaint alleges that Palmer and Mitsubishi were negligent in the operation of the vehicle. Among other allegations, it states that Moore failed to operate the car on the right side of the highway, was travelling at an excessive rate of speed, failed to keep a proper lookout, and failed to exercise reasonable care in the control of his car. Count two realleges the first six paragraphs of count one and alleges that the "plaintiff's injuries, losses and damages were directly and proximately caused by the recklessness and wanton misconduct of" Moore. The count then alleges a reckless violation of General Statutes § 14-230, 14-218a, and 14-222. Based on the alleged reckless conduct in count two, the plaintiff seeks double/treble damages pursuant to General Statutes § 14-295.
By a motion dated January 2, 1996, and filed with the court on the next day, the defendants moved to strike count two of the complaint along with the prayer for relief seeking double/treble damages under § 14-295. The defendants claim that the plaintiff has merely realleges the negligent acts of count one in count two without adding any additional facts which would show that the plaintiff's acts were reckless or wanton. In opposition to the motion to strike, the plaintiff relies on the plain language of 14-295, and asserts that he CT Page 1357-U does not have to plead additional facts under the statute to state a valid claim for double/treble damages. Both sides have submitted briefs in support of their respective positions.
DISCUSSION
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted." Practice Book § 152(1). In pleading a case, it is incumbent "on a plaintiff to allege some recognizable cause of action in his complaint." Weiss v. Wiederlight, 208 Conn. 525,535 n. 1, 546 A.2d 216 (1988) (quoting Stavnezer v. Sage-Allen,146 Conn. 460, 461, 152 A.2d 312 (1959)). If the pleader fails to do so, "a motion to strike is properly granted where a complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life Casualty Ins.Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
"`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [pleader]'. . ." (Citations omitted) Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . ." Westport Bank Trust Co., v.Corcoran, Mallin Aresco, 221 Conn. 490, 495 605 A.2d 862
(1992).
General Statutes § 14-295 states:
 In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239
or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
CT Page 1357-V
The trial courts of this state are split on the issue of whether a plaintiff must allege additional facts to support a claim of recklessness that are distinct from any claim of negligence in order to survive a motion to strike and seek double-treble damages under General Statutes § 14-195. Some courts hold that a plaintiff can merely reallege the facts as stated in a negligence count in another count purporting to allege recklessness as long as the plaintiff states that the defendant's actions were in reckless disregard of certain enumerated highway statutes. See, Jimenez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0127265 (November 8, 1994, Lewis, J.) (holding that a plaintiff must support his claim of recklessness with additional facts that are different and distinct from a previous count brought in negligence); Spencer v. King,10 Conn. L. Rptr. 48 (September 16, 1993) (holding that a plaintiff need only plead that a defendant violated certain highway statutes with reckless disregard because 14-295
concerns itself with statutorily created, not a common law, cause of action.)
The court has carefully reviewed the competing decisions, and adopts the view as stated in Spencer v. King, supra. "General Statutes § 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages." Id., 49. In count two of the complaint, it is evident that the plaintiff has merely alleged the legal conclusion of wanton and reckless conduct without pleading specific facts that would support his claim. In other words, the plaintiff has stated a legal conclusion unsupported by the facts.
The court finds that count two of the complaint is therefor insufficient, and fails to state a cause of action for which relief can be granted. Therefore, the defendants' motion to strike count two of the complaint, along with the plaintiff's prayer for double-treble damages, is granted.
CONCLUSION
For the above stated reasons, the defendants' motion to strike is granted. CT Page 1357-W
John F. Walsh, J.