[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 28, 1997
The plaintiff Deborah Joanis brings this action as mother and next friend of her three minor children Emily Hinckley, Michelle Hinckley and Jonathan Hinckley arising out of alleged sexual abuse of her said minor children by the grandfather of the children, the defendant John Hinckley, Sr. This defendant Philip Hinckley is alleged to be a son of the defendant John Hinckley, Sr. The tenth count claims damages on behalf of the children. The eleventh count claims damages for the plaintiff individually for emotional distress suffered as a consequence of the alleged injuries to the children.
As concerns this defendant Philip W. Hinckley, the complaint alleges only that he is the uncle of the children and the son of the alleged perpetrator John Hinckley, Sr. and hence apparently the brother-in-law or former brother-in-law of the adult plaintiff, and that he knew that John Hinckley, Sr. was a pedophile. Arising out of these two circumstances, knowledge of proclivity, and relationship to the plaintiff's by blood or marriage, the plaintiff alleges that this defendant had an affirmative duty to warn the plaintiff's. Unlike the claims asserted against some of the other defendants the plaintiff's do not allege any activity whereby this defendant encouraged or invited the children to be in the company of Hinckley, Sr., or that he had any type of control over the premises where the children visited, the residence of Hinckley, Sr., either as a legal possessor of the premises, or even as a tenant or resident licensee.
The claim of the plaintiff, as pleaded in the complaint against this defendant, is that a relative who has such knowledge of a proclivity has a duty to communicate that knowledge to the child, or the child's parent, or to take steps necessary to cause an activity to stop, or to prevent the activity from taking place. CT Page 3699
The plaintiff directs the court to no authority or precedent to support that proposition. The law does not impose upon a third party the duty to warn persons of the propensity of other persons to cause harm, absent special circumstances.
The fact of the familial relationship of persons to each other, uncle to niece or nephew, brother to sister, in laws to each other, or the like does not impose upon such relatives special legal duties, one to the other. Absent such particular legal duties or responsibilities such persons are, at law, in no different position than are strangers to each other.
At common law there is no legal responsibility for the failure of persons who do not owe legal duties to another to take steps to guard against injury to that other person, or to come to the aid of another person against whom injury may or even is likely to be inflicted. This is so even where a person has even special knowledge of a person being exposed to particular danger, or special technical expertise if, when applied to the circumstances, would minimize or eliminate the effect of injury sustained by that other person. General Statute § 52-557b, captioned "Good Samaritan Law," providing immunity for medical personnel who render emergency medical assistance, is a prime example of the lack of a duty to volunteer, as concerns parties who have no legal relationship, no legal duty, to act or to assist. This statute, § 52-557b, which provides legal immunity to persons who do volunteer reflects the common law principal that, absent a legal duty owed, there is no duty to volunteer, and therefore the statute exists to encourage voluntary action where the law imposes no legal duty to volunteer.
Although there may be what is termed in secular society a "moral obligation" to volunteer, arising out of an ethical standard of ideal social behavior, yet the law does not impose upon the community a standard of behavior which equates to the concept of "moral obligations."
The case of Neal v. Shiels, 166 Conn. 3 (1974) recognize the preposition that persons not initially owing an obligation to another may, by actions on their part, assume legal obligations to others, including children. Stated succinctly, where one invites children to embark upon, to enter into a zone of danger. whereby such children may be exposed to injury by exposure to foreseeable risks, there may arise a duty to thereafter use CT Page 3700 reasonable care to prevent injury to said children. Thus, where an ice cream vendor "by his bell, gong, chimes, or other method of attraction, consciously and intentionally invites potential customers, many of whom are children, to the zone of danger from traffic" the vendor may have a duty to use reasonable care "to prevent their being injured as may be necessary in the circumstances". Neal v. Sheils, Inc., supra, pp. 13, 14.
Counts ten and eleven of this complaint, against Philip Hinckley, fails to set forth any factual claims so as to impose a legal duty upon this defendant. The activity alleged to have taken place (as set forth in the paragraphs of the complaint as incorporated), took place in a certain truck alleged to be the truck of the alleged perpetrator in a high school parking lot. It is not alleged in the complaint that the truck was that of this defendant Philip Hinckley, or that he did in any fashion have any control over the availability of the truck. Other activity is alleged to have occurred in the household occupied by other defendants, Hinckley, Sr., Virginia Hinckley and Hinckley, Jr. There is no allegation that Philip Hinckley resided in that household or had any control or fight to control who would be allowed to come upon said premises. (The address of this defendant is designated in the writ and summons as being in another town from that where the incidents are alleged to take place.) Although residence at the locus of the alleged incident is claimed as against other defendants no such allegation is alleged as pertains to this defendant.
Although paragraph 35a of the complaint alleges negligence on the part of the defendant Philip Hinckley "by continually permitting her (sic his?) nieces and nephews to be alone with the defendant Hinckley, Sr." the complaint does not set forth an allegation such as to claim that this defendant Philip Hinckley was at any time entrusted with, or had any fight to control the activities of, or to control or direct the children as to where they could or could not visit. At its most liberal interpretation the allegation can only be construed as the failure to accomplish an alleged duty by a third party to intervene, which alleged legal obligation is not recognized at law under the facts pleaded in the complaint.
As to the eleventh count of the complaint, which incorporates the tenth count, this is a claim against Philip Hinckley for bystander emotional distress of the adult plaintiff, the mother of the children. Such a cause of action arises out of and is CT Page 3701 defendant upon the existence of a duty and breach of duty to the injured relative, here the children of said Deborah Joanis. If there is no legal responsibility as concerns the children, there is no cause of action against this defendant for the consequences of said injury, including the consequence of a relative's emotional distress caused by said injury. For the elements of the cause of action see Clohessy v. Bachelor, 237 Conn. 31 (1996). No claim is asserted, nor does the law recognize a preposition that there is an independent legal duty upon an individual to warn others of circumstances which may ultimately cause distress to such other persons, solely because a familial relationship of blood, or the in-law status of marriage. There being no cause of action alleged against this defendant as concerns the children there can be no cause of action by the parent as against this defendant for bystander emotional distress.
"It is incumbent upon a plaintiff to allege some recognizable cause of action in his complaint." Stavinger v. Sage-Allen Co.,146 Conn. 460, 461 (1959). It is not sufficient that the complaint sets forth mere legal conclusions. See Mingachas v.CBS, Inc., 196 Conn. 91, 108 (1985). The complaint must set forth facts such as would support a cause of action (Practice Book § 108).
For the reasons set forth herein the motion to strike tenth count of the complaint is granted. For the reasons set forth herein, the motion to strike the eleventh count of the complaint is granted.
SULLIVAN, L., J.