[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiffs have brought this action in medical malpractice against the defendant, David Neuhaus, M.D., for injuries suffered by Stephanie Ferreira (hereinafter "Stephanie") when she was born to the plaintiff, Arlene Ferreira, (hereinafter "mother") on June 5, 1992 at Rockville Hospital. Plaintiffs' claim that defendant, who was their obstetrician, committed negligence by delivering Stephanie vaginally when he knew or should have known that the delivery should have been by Section. Plaintiffs' claim that as a result of said negligence Stephanie suffered serious injuries including shoulder dystocia resulting in permanent damage to her left arm. Plaintiffs' expert witness on whom they intend to rely is Dr. Julius Piver whose deposition has been cited by defendant in this Motion for Summary Judgment. Defendant claims that by Dr. Piver's own statements in the deposition, he concedes that it is not a deviation from the standard of care if an obstetrician does not foresee a shoulder dystocia occurring. Further, he claims that there is no genuine issue of material fact and that the defendant is entitled to summary judgment as a matter of law.
Legal Standard Governing Summary Judgment
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burnsv. Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983). Our Supreme Court has held that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion [to strike] or otherwise." Stavnezer v. Sage-Allen Co., 146 Conn. 460, 461
(1959). For that reason, a defendant may use a motion for summary judgment, not for pleading deficiencies, but to challenge the CT Page 4052 legal sufficiency of a complaint "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Boucher Agency v. Zimmer,160 Conn. 404, 409 (1971). A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham, 191 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouff v. NewYork, New Haven and H.R. Company, 160 Conn. 482, 488 (1971).
Discussion
Proximate cause is a question of fact for the trier of fact,Doe v. Manheimer, 212 Conn. 748, 756 (1989), in this case the jury. Based upon defendant's motion, it is necessary to determine whether the only conclusion to be drawn from Dr. Piver's deposition is that the defendant's alleged negligence was not the proximate cause of the injuries sustained by Stephanie. Dr. Piver also testified that based upon the mother's advanced maternal age, her obesity, her excessive weight gain during her pregnancy as well as the failure of the defendant to timely apply an internal electrode to the baby's scalp to more accurately monitor her condition, the existing evidence of fetal distress, the high blood pressure reading of 202 over 118 creating a risk of a seizure, a reduction in the baby's heart rate, all "cried out" for a C-Section to be done; that these factors could have caused a traumatic vaginal delivery which would have resulted in shoulder dystocia. Further, Dr. Piver, on page 79, included the risk of shoulder dystocia as one of the factors to be utilized in considering whether to do a C-Section instead of a vaginal delivery. The court finds that taking Dr. Piver's deposition as a whole the jury could conclude that he was saying that in view of all the existing conditions, including a risk of shoulder dystocia from a vaginal delivery, a C-Section should have been performed. Further, Dr. Piver's testimony at trial may be different from that in the deposition. Defendant will have an opportunity to impeach his testimony by showing allegedly inconsistent statements, but that plus Dr. Piver's demeanor and attitude on the witness stand will be for the jury to evaluate in deciding what credibility to give to his testimony. Even if only the deposition were admitted in the absence of Dr. Piver, there are sufficient what appear to be inconsistent statements in the deposition to raise issues of the veracity and accuracy of Dr. CT Page 4053 Piver's testimony; but all of this is for the trier of fact to determine. The deposition is not sufficiently clear or consistent to support defendant's claim that there is no genuine issue of material fact.[1] For that reason alone, the motion for summary judgment is denied.[2]
Further, defendant claims that Dr. Piver stated that the C-Section should have been performed for reasons other than the risk of shoulder dystocia. Even though the court has found that the risk of shoulder dystocia was included as a reason, combined with other factors, to perform a C-Section, let's assume arguendo that the purpose of doing the C-Section had nothing to do with the risk of shoulder dystocia. Plaintiffs claim the "but for doctrine"; i.e. but for the defendant's failure to perform a C-Section, the shoulder dystocia would not have occurred. There does seem to be general agreement that if a C-Section delivery had taken place and not a vaginal delivery, there would have been no shoulder dystocia. However, defendant claims that the "but for" doctrine does not apply because there is not a sufficient causation factor here, the risk of shoulder dystocia not being foreseeable. Defendant cites the example of faulty car repairs necessitating the traveler to stay overnight in San Francisco where an earthquake then takes place and that you cannot hold the repairer of the automobile liable for the earthquake. The court finds that connection remote whereas the connection between the failure to do the C-Section and the shoulder dystocia is far from remote. This very issue is addressed in Stewart v. FederatedDept. Stores, Inc., 234 Conn. 597, 605-610 (1995). "Proximate cause establishes a reasonable connection between an act oromission of a defendant and the harm suffered by a plaintiff . . ." ". . . as an actual cause that is a substantial factor in the resulting harm. . .". Emphasis added. Further, citing Manheimer, supra, the court stated: "Our cases make it clear that to be within the `scope of the risk' the harm actually suffered must be of the same `general type' as that which makes the defendant's conduct negligent in the first instance." Emphasis added. ". . . Moreover, if the . . . [defendant's] conduct is a substantial factor in bringing about harm to another, the fact that the . . . [defendant] neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent it from being liable." The lack of necessity of foreseeability has been described further inConnecticut Law of Torts, 3rd Ed. §§ 32 and 33, Wright, Fitzgerald and Ankerman. Thus, the issues boil down to: CT Page 4054
 1. Was the defendant's negligence in not doing a C-Section a "substantial factor" in causing the shoulder dystocia? A jury could reasonably find the answer to be "yes".
 2. Was it foreseeable that harm of the same general nature would result even if the defendant did not foresee or should not have foreseen the extent of the harm or the manner in which it occurred? The jury could reasonably answer "yes", finding that a birth related injury is a harm of the same general nature.
 3. Was there a chain of causation between the failure to do a C-Section and the resulting damages? The jury could reasonably answer "yes" and find that the nexus between the negligence and the damages was neither too tenuous nor too remote.[3]
For these reasons under the facts in this case,[4] at least at this stage of the proceedings, the defendant is not entitled to a judgment as a matter of law.
The motion for summary judgment is denied.
Rittenband, Judge