[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFFS' MOTION TO STRIKE (#117)
I. Factual and Procedural Background
On September 30, 1999, the plaintiffs, Michael and Patricia Cluney, ppa, Victoria E. Cluney ("the plaintiffs"), filed a revised seven count complaint dated September 29, 1999, against the defendants, the Regional School District No. 13 ("District No. 13"); William D. Breck, Jr., Ph.D., Superintendent of the Board of Education for the Regional School District No. 13 ("Breck"); the Regional School District No. 13 Board of Education ("the Board of Education"); Sandra Ryan, Principal of Coginchaug Regional High School ("Ryan"); Coginchaug Regional High School ("Coginchaug"); Town of Middlefield ("Middlefield"); Charles Auger, First Selectman of the Town of Middlefield ("Auger"); Brent Manzara; Nancy L. Manzara; and Bruce Manzara.
The following facts are alleged: On December 4, 1997, Victoria Cluney was advised that she must attend detention on that afternoon, and that the detention would commence at approximately 2:20 p.m. in the detention room. The plaintiffs allege that other students were also scheduled to serve detention that afternoon. They allege that after no teacher or supervisor showed for the detention, the students walked across the street to a baseball field owned and/or controlled by the defendants, District No. 13, the Board of Education, and/or Middlefield. The plaintiffs allege that Brent Manzara, another student of Coginchaug, raped Victoria Cluney at the baseball field.
District No. 13, Breck, the Board of Education, Ryan, and Coginchaug filed an answer and special defenses dated October 1, 1999. The following special defenses, all claiming that the plaintiffs fail to state a claim CT Page 7461 upon which relief may be granted, are at issue here: The first special defense to the first count; the first special defense to count two; the first special defense to count seven; and the first special defense to prayer for relief. Middlefield and Auger filed an answer and special defenses dated October 14, 1999. The fifth special defense claiming that the plaintiffs' revised complaint does not state a claim upon which relief may be granted is also at issue here.
On November 1, 1999, the plaintiffs filed a motion to strike the special defenses above. The plaintiffs move to strike on the grounds that the special defenses are conclusory. and fail to state with specificity the facts upon which they are based. District No. 13, Breck the Board of Education, Ryan, and Coginchaug filed an objection dated November 22, 1999. Middlefield and Auger filed an objection dated January 6, 2000.
For the reasons discussed below, the plaintiffs' motion to strike is granted.
II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint]. . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the. . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut NationalBank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
III. Discussion
The plaintiffs move to strike the special defenses at issue on the ground that they are not legally sufficient because they fail to allege facts to support the legal conclusion made, that the plaintiffs fail to state a claim upon which relief may be granted.
In response, District No. 13, Breck, the Board of Education, Ryan, and Coginchaug argue that the special defenses are proper as pled. Middlefield and Auger also argue that the special defenses have been CT Page 7462 properly pled, and that the plaintiffs' claims are without merit because they fail to allege a recognizable cause of action.
Practice Book § 10-1 requires that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies." Practice Book § 10-50 requires that special defenses be specially alleged. Section 10-50 states that "[f]acts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." Practice Book § 10-50.
The Supreme Court has stated that, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795,802, 646 A.2d 806 (1994).
In support of the plaintiffs' motion, they cite to Smith v. Walsh, Superior Court, judicial district of New Haven at New Haven, Docket No. 406487 (December 24, 1998, Zoarski, J.) (23 Conn.L.Rptr. 557) and BankersTrust Co. v. Dexter, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351023 (December 15, 1998, Ballen, J.) (23 Conn.L.Rptr. 471). In both, the courts considered two contrasting lines of cases that have addressed this same issue here, the Pozoukidis v. Cityof Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998, Mottolese, J.) (21 Conn.L.Rptr. 382) line of cases and the Scan Associates v. CivitelloBuilding Co., Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 350643 (January 24, 1994, Hodgson, J.) (10 Conn.L.Rptr. 646) line of cases, and found the former more persuasive.
The Pozoukidis v. City of Bridgeport, supra, Superior Court, Docket No. 346988 line of cases find that a special defense must also include facts alleged which support the challenge in order to withstand a motion to strike. In Pozoukidis v. City of Bridgeport, the court stated that "rules of pleading hold defendants to the same standard of definiteness with respect to special defenses that plaintiffs are held to in their complaints." Id. "The special defense must therefore inform the plaintiff with reasonable clarity of the nature of the defense asserted. Stavnezerv. Sage-Allen, Co., 146 Conn. 460, 461 [, 152 A.2d 312] (1959)." Id. "To allow . . . an indefinite special defense is to return to the days when litigation was somewhat of a game of blindman's bluff. Westport TaxiCT Page 7463Service, Inc. v. Westport Transit District, 235 Conn. 1, 24 [,664 A.2d 719] (1995)." Id. See Smith v. Walsh, supra, Superior Court, Docket No. 406487; Bankers Trust Co. v. Dexter, supra, Superior Court, Docket No. 351023; Strickland v. Bates, Superior Court, judicial district of Tolland at Rockville, Docket No. 64466 (May 11, 1998, Klaczak, J.);Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.) (22 Conn.L.Rptr. 201).
In contrast, the Scan Associates v. Civitello Building Co., Inc., supra, Superior Court, Docket No. 350643 line of cases find that merely challenging the sufficiency of the complaint by way of a special defense is appropriate. Specific facts in support of the challenge are not necessary. Id. In Scan Associates v. Civitello Building Co., Inc., the court relied on footnote 5 in Robert S. Weiss Associates, Inc. v.Wiederlight, 208 Conn. 525, 535 n. 5, 546 A.2d 216 (1988) as a basis for finding that a motion to strike survives if the special defense challenges the sufficiency of the complaint. Id. In Robert S. Weiss Associates, Inc. v. Wiederlight, footnote 5, the court stated "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, [motion to strike] or otherwise. Stavnezer v. Sage-Allen Co., 146 Conn. 460,461, 152 A.2d 312 [1959]." (Internal quotation marks omitted.) Robert S.Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535 n. 5,546 A.2d 216 (1988). Other courts have also followed this line of reasoning. See Stack v. Harley Davidson of Danbury, Superior Court, judicial district of Danbury, Docket No. 323389 (October 2, 1996,Moraghan, J.); Janowicz v. Clark Construction of Ridgefield, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995, Lewis, J.); Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995, Levine, J.).
This court rejects Scan Associates v. Civitello Building Co., Inc., supra, Superior Court, Docket No. 350643, finding that the holding inPozoukidis v. City of Bridgeport, supra, Superior Court, Docket No. 346988, best reflects the spirt of the Supreme Court and the requirements of Practice Book §§ 10-1 and 10-50. "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies." Practice Book § 10-1. "Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." Practice Book § 10-50. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v.CT Page 7464Automobile Ins. Co. of Hartford, supra, 230 Conn. 802. The special defenses here only claim that the plaintiffs fail to state a claim upon which relief may be granted. No factual statements in support of this challenge have been alleged. The special defenses state legal conclusions claiming that the plaintiffs have no cause of action without alleging supporting facts. Accordingly, the court grants the plaintiffs' motion to strike.
IV. Conclusion
For the foregoing reasons, the plaintiffs' motion to strike is granted.
It is so ordered.
By the court
 Gordon, Judge